UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:20 CR 201 HEA(SPM) |
| CARLOS JONES (2), | ) ) ) |
| Defendant. | ) |

**REPORT, RECOMMENDATION, ORDER AND MEMORANDUM OPINION
OF UNITED STATES MAGISTRATE JUDGE**

All pretrial matters in the above-referenced case have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).  Defendant Carlos Jones is charged in an indictment with making false statements on records required to be kept by licensed firearms dealer, Piazza Jewelry & Pawn (Piazza). The indictment alleges Jones, an employee of Piazza, represented on an ATF Form 4473 Firearms Transaction Record that the purchaser of a firearm was the actual buyer of the firearm when, in fact, the purchaser was not the actual buyer of the firearm, in violation of 18 U.S.C. §924(a)(1) and Section 2. The indictment also charges co-defendants Robert Thornton and Steven Johnson with similar crimes.[1]

Jones filed three pretrial motions asking that the Court (i) sever Jones' trial from that of his co-defendants (Doc. 106), (ii) suppress evidence seized and statements made during execution of a search warrant at the licensed firearm dealer referenced in the indictment (Doc. 107) and (iii) produce the identity of a confidential source (Doc. 108). The undersigned set the case for an evidentiary hearing on January 19, 2020, via Zoom (Doc. 112).  The United States filed its response (Doc. 115) and, subsequently, on January 6, 2021, filed a motion to vacate the evidentiary hearing on grounds that Jones' pretrial motions raised purely legal issues that could be resolved on the parties' written submissions. (Doc. 116).  Specifically, the United States argued that Jones lacked standing to challenge the search of Piazza.

---

[1] Thornton and Johnson each filed a notice indicating that they did not intend to file pretrial motions and are awaiting trial.

In response, Jones agreed the pending motions could be decided on the parties' written submissions, but raised additional arguments related to the United States' argument that he lacked standing to challenge the search of his place of employment, Piazza Jewelry and Pawn (Doc. 118). As a result, the undersigned vacated the evidentiary hearing and began preparing a Report and Recommendation and Order on Jones' pending pretrial motions based upon the written submissions of the parties.

The undersigned later concluded that there were factual issues related to the standing argument raised by the United States that would need to be resolved by way of either an evidentiary hearing or a written stipulation of facts submitted by the parties. At a status conference, the parties opted to submit a written stipulation of facts and were granted until March 2, 2021, to submit the same. With leave of court, the parties submitted a stipulation of facts on March 18, 2021. As such, the defendant's pretrial motions have been fully briefed and are now ready for a ruling. Based on the written submissions of the parties, I make the following findings of fact and conclusions of law.

## I. MOTION TO SEVER (DOC. 106)

A single indictment may charge multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "In general, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together." *United States v. Adkins*, 842 F.2d 210, 211 (8th Cir. 1988) (internal citations omitted). "All defendants need not be charged in each count, and the prerequisites are liberally construed in favor of joinder." *United States v. Jenkins-Watts*, 574 F.3d 950, 967 (8th Cir. 2009) (internal citation omitted). Indeed, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together," as "[t]hey promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro v. United States,* 506 U.S. 534, 538 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987)). Therefore, "[o]nce defendants are properly joined under Rule 8, there is a strong presumption for their joint trial, as it 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct

outcome.'" *United States v. Flores*, 362 F.3d 1030, 1039 (8th Cir. 2004) (quoting *United States v. Darden*, 70 F.3d 1507, 1528 (8th Cir. 1995) (internal quotation omitted)).

Yet, if it appears that joinder would result in a prejudicial impact on a party, the court may, within its discretion, grant a severance. Fed. R. Crim. P. 14. "To grant a motion for severance, the necessary prejudice must be 'severe or compelling.'" *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003) (quoting *United States v. Warfield*, 97 F.3d 1014, 1018 (8th Cir. 1996). In *Bruton v. United States*, 391 U.S. 123, 135–36 (1968), the Supreme Court held that a post-arrest statement made by a non-testifying co-defendant at a joint trial is generally inadmissible because of the threat that arises to a defendant's right to a fair trial when "the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial." Specifically, the Court reasoned:

> Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motivation to shift blame onto others. The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross examination.

*Bruton,* 391 U.S. at 136.

However, the Supreme Court has acknowledged that there may be alternatives to total exclusion of a co-defendant's confession when multiple co-defendants are tried jointly. For instance, in *Richardson v. Marsh*, 481 U.S. 200, 209-11 (1987), the Court held that the confrontation clause is not violated by the admission of a non-testifying co-defendant's confession with a proper limiting instruction when the confession is redacted to eliminate not only the defendant's name, but also any reference to the defendant's existence.

Based on the record, joinder appears to have been proper and Jones does not argue otherwise. As the United States points out in its response, the indictment alleges that Jones and his two co-defendants sold firearms to individuals when they knew or had reason to know the individual was not the actual

purchaser of the firearm. The indictment alleges that all three defendants took part in the same series of acts or transactions over the same period. In addition, for the reasons set out in the United States' response, any risk of prejudice from a joint trial is blunted because the facts and anticipated defenses of the three co-defendants appear to lend themselves well to compartmentalization.

At this stage of the proceedings, the Court cannot know which defendants will or will not proceed to trial or whether any of the defendants who proceed to trial made statements implicating Jones that the United States will attempt to utilize. Because the circumstances that form the basis of Jones's motion for severance have not yet occurred and may never occur, Jones's motion to sever is not ripe. *Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events). Even if the United States were to offer an inculpatory statement of a co-defendant at trial, that statement may be redacted to eliminate any reference to Jones and the jury given a proper limiting instruction.

For the foregoing reasons, Jones's motion to sever should be denied without prejudice to his reasserting it at trial if the United States intends to offer unredacted statements of a co-defendant which names or identifies him.

## II.   Motion to Suppress (Doc. 107)

Jones seeks to suppress all evidence seized pursuant to a search warrant executed at the business where he worked, Piazza Jewelry and Pawn. Jones also argues that statements and/or admissions he made were fruits of the unconstitutional search and should also be suppressed. The United States has opposed the motion arguing that, as a threshold issue, Jones lacks standing to challenge the search and seizure of items from Piazza Jewelry and Pawn. For the reasons set out below, I recommend that Jones's motion to suppress be denied because he lacks standing to challenge the search of Piazza.

### A.   Factual Findings

For purposes of the standing issue, the parties have stipulated to the following facts:

On September 9, 2014, a federal firearms license was issued to FCFS MO, Inc., a Missouri Corporation, for its business Piazza Jewelry & Pawn #452 operating at the premises of 10201 Page Avenue, St. Louis, Missouri 63132 (hereafter "Piazza"). Doc. 125, at ¶1.  Piazza's business premises consist of a two-story building. *Id.* at ¶2. From at least October 2019 to January 2020, Piazza sold general merchandise on the main floor, such as jewelry and televisions. *Id.* The second floor was dedicated, in part, to the sale of firearms and ammunition. *Id.* The firearms and ammunition for sale were contained in the main room on the second floor. *Id.*

On December 13, 2019, ATF Agent Chad Foreman applied for a federal search warrant for the search of Piazza and the seizure of firearms. *Id.* at ¶3. This Court found probable cause existed for the search warrant and issued the search warrant on that same date. *Id. See* Case No. 4:19MJ7492 SPM. The search warrant authorized the seizure of all of the firearms on display on the second floor of Piazza, as well as all of those firearms that had been placed on layaway and were still owned by Piazza. *Id.*

On December 19, 2019, ATF Agents and other law enforcement officers executed a federal search warrant at Piazza. *Id.* at ¶4. The search of Piazza by ATF included computers, company documents, and company storage rooms. *Id.* Jones, as an employee of Piazza, did not have any ownership in the computers, company documents and company storage rooms. *Id.* Jones, as an employee of Piazza did have authority to sell firearms at the Piazza location outlined in the search warrant and had authority on behalf of Piazza to fill out all the necessary paperwork that would be required by law to sell any firearm. *Id.* ATF did not search any area that had been set aside for Jones' exclusive use. *Id.* at ¶5. He did not have an office on the premises that was only his. *Id.* He did not have a locker on the premises that was only his. *Id.* He did not have a desk on the premises that was only his to use. *Id.* All spaces at Piazza were accessible to multiple people, including most employees. *Id.*

ATF Agents interviewed Jones. *Id.* at ¶6. Jones was neither under arrest nor in custody at the time of his interview. *Id.* ATF Agents advised Jones of his constitutional rights pursuant to *Miranda v.*

*Arizona*. *Id.* Jones understood his constitutional rights as advised. *Id.* After being advised of his constitutional rights, Jones agreed to talk with the ATF Agents. *Id.* seizure."

### B. Conclusions of Law

"The Fourth Amendment protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Davis v. United States,* 564 U.S. 229, 236 (2011). Fourth Amendment rights are personal and "may not be asserted vicariously." *United States v. Gomez*, 16 F.3d 254, 256 (8th Cir. 1994). As such, "a defendant can urge the suppression of evidence obtained in violation of the Fourth Amendment only if that defendant demonstrates that *his* Fourth Amendment rights were violated by the challenged search or seizure." *United States v. Padilla*, 508 U.S. 77, 81 (1993) (Emphasis in original).

"The defendant moving to suppress bears the burden of proving he had a legitimate expectation of privacy that was violated by the challenged search." *United States v. Muhammad*, 58 F.3d 353, 355 (8th Cir. 1995). To assert a Fourth Amendment right to be free from unreasonable searches, the defendant "must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *United States v. Russell*, 847 F.3d 616, 618 (8th Cir. 2017). "Factors relevant to the determination of standing include ownership, possession and/or control of the area searched or item seized; historical use of the property or item; ability to regulate access; the totality of the circumstances surrounding the search; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of the expectation of privacy considering the specific facts of case." *Gomez*, 16 F.3d at 256.

In this case, Jones has failed to demonstrate that he "personally ha[d] an expectation of privacy in the place searched." *Russell*, 847 F.3d at 618. Based on the stipulated facts, Jones did not have ownership of Piazza or of any of the items seized or searched such as the computers, company documents, and company storage rooms. Jones has further stipulated that ATF did not search any area that had been set aside for Jones' exclusive use;  Jones did not have an office on the premises that was only his; Jones did

not have a locker on the premises that was only his; Jones did not have a desk on the premises that was only his to use; and all spaces at Piazza were accessible to multiple people, including most employees. Based on these facts, even if Jones somehow had a subjective expectation of privacy in the places searched at Piazza, Jones' expectation of privacy would not be reasonable under the circumstances.

Jones' motion to suppress statements rests entirely on the argument that the search of Piazza was unconstitutional. Indeed, the Jones stipulated that he was not in custody at the time he made statements to law enforcement and was advised of his *Miranda* rights prior to speaking to agents. As such, Jones' motion to suppress statements fails for the same reasons his motion to suppress evidence seized pursuant to the search warrant fails.

In sum, because Jones lacks standing to challenge the search of Piazza, Jones' motion to suppress evidence and statements resulting from that search should be denied. [2]

### III.     Motion to Produce the Identity of a Confidential Source (Doc. 108)

In response to Jones' motion seeking the identity of a confidential source, the United States indicated that disclosure of the confidential source would be forthcoming and defense counsel acknowledged that the matter is moot. As such, the motion will be denied, as moot.

---

[2] Jones' motion to suppress would fail even if he had standing to pursue it. Jones contends evidence seized from Piazza and statements he made at the time should be suppressed because the warrant issued by the undersigned was not supported by probable cause and agents could not have, in good faith, believed there was probable cause for the search. Although the undersigned did not hold an evidentiary hearing on the substance of these arguments, a hearing would have been of little, if any, value because the warrant was issued based on the supporting affidavit. Affidavits for search warrants are reviewed using the "totality-of-the circumstances" analysis. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The task of the issuing judge is to make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the [judge] had a substantial basis for . . . concluding that probable cause existed." *Id.* at 238-39 (internal quotation marks omitted). When the issuing judge relied solely on the affidavit presented to him or her, "'only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause.'" *United States v. Gladney*, 48 F.3d 309, 312 (8th Cir. 1995) (quoting *United States v. Leichtling*, 684 F.2d 553, 555 (8th Cir. 1982)). After reviewing the warrant and supporting affidavit, the undersigned agrees that, for the reasons articulated in the United States' response to Jones' motion, the warrant affidavit provided ample probable cause to support issuance of the search warrant.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Carlos Jones' Motion to Sever (Doc. 106) be **DENIED**, without prejudice to re-raising the issue prior to trial.

**IT IS FURTHER RECOMMENDED** that Defendant Carlos Jones' Motion to Suppress (Doc. 107) be **DENIED**.

**IT IS HEREBY ORDERED** that Defendant Carlos Jones' Motion to Produce the Identity of a Confidential Source (Doc. 108) be **DENIED** as moot.

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained. Failure to timely file objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix,* 897 F.2d 356 (8th Cir. 1990).

Trial in this case will be conducted before the **Honorable Henry E. Autrey**. Judge Autrey will schedule the trial by separate order at a later date.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: April 14, 2021.