UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20CR201 HEA |
| | ) | |
| CARLOS JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge Shirley Padmore Mensah, addressing Defendant Jones' Motion to Sever, [Doc. No. 106], Motion to Suppress Evidence Seized and Statements Made During Execution of Search Warrant, [Doc. No. 107], and Motion to Produce Identity of a Confidential Source, [Doc. No. 108]. In her April 14, 2021 Report and Recommendation, Judge Mensah recommended that the Defendant's motions be denied. Defendant has filed a written objection to this recommendation. For the reasons set forth below, the Court adopts Judge Mensah's recommendation.

## LEGAL STANDARD

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324

F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)(A)). Where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law, the Court may reconsider the matter. 28 U.S.C. §636(b)(1)(A). Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court reviews the findings of the magistrate *de novo.* The Court has reviewed the entire record for this purpose.

## DISCUSSION

In her Report and Recommendation, Judge Mensah found that the motion to sever is not yet ripe for determination.  Judge Mensah found that Defendant Jones lacks standing to challenge the search warrant because he failed to establish he personally had an expectation of privacy in the place searched.  *United States v. Russell,* 847 F.3d 616, 618 (8th Cir. 2017).  Finally, Judge Mensah recommended denial of the Motion to Produce Identity of a Confidential Source because the Government has agreed to produce the identity, therefore, the motion is moot.

Defendant's objections to the Report and Recommendation are virtually identical to his memoranda in support of his motions.  He does not specifically object to Judge Mensah's findings of fact and conclusions of law. Judge Mensah thoroughly discusses the facts and law in her Report and Recommendation. Defendant does not challenge these findings, rather, he reargues his motion.  Judge Mensah addressed the issues and arguments Defendant raised in his motions.  Her

conclusions of law are based on sound analysis of the law as applied to the facts of this case.

At this stage of the proceedings, the Court agrees with Judge Mensah that the Motion to Sever is not yet ripe for determination.  For the reasons set forth by Judge Mensah, the Motion will be denied, without prejudice.

With regard to Defendant's Motion to Suppress, Defendant has failed to present any evidence that he personally had an expectation of privacy in Piazza or any of the items seized or searched .  He has stipulated that he did not have ownership in Piazza or any of the seized or searched items.  He further stipulated that the search by the ATF was not of any areas of which he had exclusive use; he did not have an office, locker or desk that was only his to use.  The spaces were accessible to multiple people, including most of the employees.  Defendant had no reasonable expectation of privacy in any places or items searched.  The Motion to Suppress Evidence will be denied.  As to statements made, Defendant bases his entire argument on the assumption that the search was illegal.  In that he cannot challenge the search, Defendant's dependent argument on statements made is likewise without merit.

The Government will produce the identity of its source.  Defendant's Motion to Identify is therefore moot.

## Conclusion

Judge Mensah's conclusions are based on sound legal analysis. The Court agrees with Judge Mensah's conclusions in their entirety. The Recommendation is adopted *in toto.*

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jones' Motion to Severe, [Doc. No. 106], is denied without prejudice to refiling at trial if the Government intends to offer unredacted statements of a co-defendant which names or identifies Defendant Jones.

**IT IS FURTHER** ORDERED that Defendant Jones' Motion to Suppress Evidence Seized and Statements Made During Execution of Search Warrant, [Doc. No. 107], is denied.

**IT IS FURTHER ORDERED**  that Defendant Jones' Motion to Produce Identity of a Confidential Source, [Doc. No. 108], is denied as moot.

Dated this 5th day of May, 2021.



_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE